| | | |
|---|---|---|
| ROBERT NATHANIEL OLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1983 CAS |
| | ) | |
| JAY CASSADY,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition is second or successive and will be summarily dismissed.

### Standard of Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. With this standard in mind the Court will review the factual and procedural background and petitioner's amended application for relief.

### Background and Procedural History

After a jury trial, petitioner was convicted of one count of first degree murder, one count of statutory rape, one count of attempted statutory rape, and two counts of kidnapping arising out of

---

[1]Petitioner's original habeas petition named Jeff Norman, Warden of the Jefferson City Correctional Center where petitioner is confined, as respondent. The amended petition names "U.S. Marshals, Jay Cassady, Jeff Norman, et al." as respondents. However, Jay Cassady, the current Warden of the Jefferson City Correctional Center, is the only proper respondent. See 28 U.S.C. Section 2254, Rule 2(a). The Court on its own motion will substitute Jay Cassady as the respondent in this action in place of Jeff Norman. Because "U.S. Marshals" is not a proper party respondent in this action, it will not be added to the docket sheet as a party herein.

his interaction with two eleven-year-old girls on February 24, 1978. State v. Olds, 603 S.W.2d 501, 502-03 (Mo. 1980) (en banc). On May 11, 1979, the trial court imposed a term of life imprisonment for the first-degree murder, a fifty-year term of imprisonment for the statutory rape, and three ten-year terms of imprisonment for the attempted statutory rape and kidnapping convictions. Id. at 503. Except for a ten-year sentence imposed for one of the kidnapping counts, which ran concurrently, all of the sentences ran consecutively. Id.

On direct appeal, the Missouri Supreme Court vacated the concurrent kidnapping conviction related to the murder victim, upon concluding that the state legislature did not "intend[] to allow a court to separately punish a defendant both for felony-murder and the underlying felony." Id. at 509-10 (this aspect of State v. Olds, 603 S.W.2d 501, was superseded by statute as noted in Jones v. Thomas, 491 U.S. 376, 379 n.1 (1989)). Otherwise, the Missouri Supreme Court affirmed the convictions. Olds, 603 S.W.2d at 508-11. Petitioner's motion for post-conviction relief was denied after an evidentiary hearing and the Missouri Court of Appeals affirmed that decision. Olds v. State, 655 S.W.2d 818 (Mo. Ct. App. 1983).

Petitioner then filed a federal habeas corpus petition challenging his convictions, which was denied on the merits. See Olds v. Armontrout, 919 F.2d 1331, 1332 (8th Cir. 1990) (discussing earlier-filed federal habeas proceeding). Petitioner did not appeal that denial. Id. Petitioner subsequently filed a second federal habeas corpus petition challenging his convictions. See Olds, 919 F.2d at 1332. The Eighth Circuit affirmed the dismissal of the second federal habeas petition as successive with respect to five of the grounds for relief and as abusive with respect to the four remaining grounds for relief. Id.

In 2005, petitioner filed a third federal habeas petition, which was assigned to the undersigned. See Olds v. Purkett, No. 4:05-CV-348 CAS (E.D. Mo.). On transfer to the Eighth

Circuit pursuant to 28 U.S.C. § 1361 for an authorization determination under 28 U.S.C. § 2244(b), the Eighth Circuit concluded that petitioner's double jeopardy, ex post facto, and ineffective assistance of counsel claims were successive and could not be pursued in accordance with § 2244(b), but that his challenge to the denial of parole could be pursued. The Eighth Circuit re-transferred the case to this Court for consideration of that claim only. In May 2007, this Court dismissed the petition upon finding the denial of parole claim frivolous. See Olds v. Purkett, No. 4:05-CV-348 CAS, 2007 WL 2711008, at *1 (E.D. Mo. Sept. 13, 2007). Petitioner did not appeal the dismissal.

After the Parole Board denied petitioner parole, petitioner sought leave to amend his 2005 habeas case to assert that his 2007 denial of parole was improperly based on a determination that he was a dangerous offender. The Court denied petitioner's request. The Eighth Circuit denied petitioner's request for a certificate of appealability on the matter and dismissed petitioner's appeal. Petitioner made unsuccessful efforts to obtain review by the appellate court panel, by the appellate court en banc and on certiorari to the United States Supreme Court. Petitioner then filed several petitions for relief in state courts in Missouri, asserting he was denied due process when his request for parole was denied by the Parole Board.

On October 26, 2009, petitioner filed a fourth application for habeas corpus relief in this Court. See Olds v. Dormire, No. 4:09-CV-1782 CAS (E.D. Mo.) In his pleadings, petitioner challenged the Parole Board's 2007 denial of his parole. Petitioner's application for writ of habeas corpus was denied and dismissed by this Court on January 28, 2013. The Eighth Circuit denied petitioner's request for a certificate of appealability on June 7, 2013, and his petition for rehearing was denied on July 23, 2013.

On September 13, 2013, petitioner filed a fifth application for habeas corpus relief, this time in the U. S. District Court for the Western District of Missouri. See Olds v. Norman, No. 13-0942-

CV-W-DGK-P (W.D. Mo.). The Western District granted petitioner's request to proceed in forma pauperis, and determined that the U.S. District Courts for the Eastern and Western Divisions of Missouri have concurrent jurisdiction to hear this case as petitioner's convictions took place in the Eastern Division and his place of confinement is in the Western Division. The Western District transferred the case to this District pursuant to 28 U.S.C. § 1404(a) because (1) petitioner's claims are based on his convictions and sentences in the Circuit Court of the City of St. Louis, which is located in the Eastern District of Missouri; (2) the relevant records are in the City of St. Louis, and (3) if any hearings are required in the case, the Eastern District of Missouri would be more convenient for witnesses. See Order Granting Leave to Proceed In Forma Pauperis and Transferring Case to the United States District Court for the Eastern District of Missouri (Doc. 5). The file was electronically received by this Court on October 4, 2013 and opened as Case No. 4:13-CV-1983 CAS.

## Amended Petition

Petitioner filed an amended petition on November 18, 2013, that supercedes the original petition and supplement thereto (Docs. 1, 7) filed in this action. See Rule 15(a)(1)(A), Federal Rules of Civil Procedure. In his amended application for writ of habeas corpus, like the original application for writ of habeas corpus in this case, petitioner seeks to attack his May 1979 conviction on the basis of a lack of jurisdiction in the sentencing court. Petitioner claims that the "substitute information was not submitted to a grand jury and because not all the offenses he was charged with were included in the indictment," the state court lacked jurisdiction to convict him.[2] Petitioner

---

[2]The Court notes that under Missouri law, "an information charging the same offense charged in [a defective] indictment may be substituted therefor at any time before the jury is sworn." Mo. Rev. Stat § 545.300 (1994). The decision to substitute an information is within the discretion of the prosecutor, and the court has no power to control that discretion. Missouri ex rel. Lodwick

asserts that he is allowed to attack the trial court's jurisdiction "anytime, any where, of any proceeding." Am. Pet. at 13.

## Discussion

To the extent that petitioner seeks to relitigate any claims that he brought in his first, second, third and fourth habeas corpus petitions before this Court, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief relative to his 1979 conviction, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition must be dismissed.

Before this Court issued any orders in this case, petitioner filed several motions seeking leave to file a notice of appeal, to be granted in forma pauperis status on appeal, or for leave to file a writ of mandamus. Some of the motions were captioned in the Eighth Circuit Court of Appeals, others in the Western District of Missouri, and others in this Court. Petitioner is advised that the Court will deny all of these motions as moot and will not consider any of the motions as a Notice

---

v. Cottey, 497 S.W.2d 873, 880 (Mo. Ct. App. 1973). Additionally, the prosecutor may substitute an information for an indictment even if the court has not issued an order finding the indictment to be defective. Missouri v. Green, 305 S.W.2d 863, 868 (Mo. 1957). Missouri Revised Statutes § 544.250 provides that "a preliminary examination shall in no case be required . . . in any case where an information has been substituted for an indictment as authorized by section 545.300." The Missouri Supreme Court in Green held that this language evinces "a legislative intent that the finding and return of an indictment, as evidence of probable cause, should be and are a sufficient and legal substitute for a preliminary examination." Green, 305 S.W.2d at 868-69. In other words, Missouri law does not provide for a preliminary hearing when an information is substituted for an indictment. Additionally, under Missouri law, a defective indictment does not contaminate a subsequent information that is substituted for the indictment without objection from the defendant. Missouri v. Johnson, 504 S.W.2d 23, 26 (Mo. 1973).

of Appeal with respect to this Memorandum and Order dismissing petitioner's successive habeas petition.  If petitioner wishes to appeal this order, he must file a timely notice of appeal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's amended motion for leave to proceed in forma pauperis is **GRANTED**.  [Doc. 22]

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED as moot**.  [Doc. 1]

**IT IS FURTHER ORDERED** that petitioner's amended application for writ of habeas corpus is **DENIED and DISMISSED as successive**.  [Doc. 21]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify the caption, short caption and docket sheet of this case to read as follows: <u>Robert Nathaniel Olds, petitioner v. Jay Cassady, respondent</u>.

**IT IS FURTHER ORDERED** that petitioner's motions to enter a default against the respondent are **DENIED**.  [Doc. 9, 15]

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel are **DENIED as moot**.  [Docs. 4, 8]

**IT IS FURTHER ORDERED** that petitioner's motions to stay enforcement of the transfer of this case from the United States District Court for the Western District of Missouri are **DENIED**.  [Docs. 10, 12]

**IT IS FURTHER ORDERED** that petitioner's motions for leave to file a notice of appeal, for leave to file a writ of mandamus, and for leave to proceed in forma pauperis on appeal are **DENIED as moot**.  [Docs. 13, 14, 16, 18, 19]

**IT IS FURTHER ORDERED** that petitioner will not be granted a certificate of appealability.

CHARLES A. SHAW
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of November, 2013.